UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **JACQUELINE L. SPEARLY,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v. ) | CIVIL NO. 08-417-B-H |
| ) | |
| **RAYMOND AYER,** ) | |
| ) | |
| **DEFENDANT** ) | |

**ORDER ON MOTIONS IN LIMINE**

The plaintiff's motion to exclude reference to her husband's and her business is **GRANTED**. Pl.'s Mot. in Limine at 1-2 (Docket Item 19). The defendant has shown no relevance that their business has to this lawsuit.

The plaintiff's motion to exclude reference to her fur cap is **DENIED WITHOUT PREJUDICE** to renewal at trial. Id. at 1-2. I will need to hear what foundation can be laid for its playing a role in the accident.

The plaintiff's motion to exclude evidence about her bindings is **GRANTED**. Id. at 2-3. Although the binding settings might demonstrate negligence on the plaintiff's part, the defendant has no evidence on how they contributed to her injury and the jury would have to speculate without medical testimony or physics testimony.

The defendant's motion to exclude the testimony of the plaintiff's expert Penniman is **GRANTED IN PART**. Def. Raymond Ayer's Mot. in Limine (Docket Item

18). The opinions offered in Nos. 1 and 4 of the expert's report go too far (the defendant "alone had the duty to avoid colliding with" the plaintiff; the defendant "bears full responsibility for the collision . . . and [the plaintiff's] subsequent injuries"). Prelim. Statement of Opinions by Dick Penniman attached as Ex. A to Def. Raymond Ayer's Pre-Trial Mem. at 2 (Docket Item 11). It may be, however, that the actual testimony of the expert will be more circumspect.

**SO ORDERED.**

**DATED THIS 30TH DAY OF NOVEMBER, 2009**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**